**UNITED STATES, Appellee,**

v.

**Keith FORBES, Defendant, Appellant.**

**No. 99–2301.**

United States Court of Appeals,
First Circuit.

May 15, 2001.

David N. Cicilline, for appellant.

Donald C. Lockhart, Assistant United States Attorney, with whom Margaret E. Curran, United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, were on brief, for appellee.

Before TORRUELLA, Chief Judge, BOUDIN, Circuit J., and STAHL, Senior Circuit Judge.

PER CURIAM.

In an opinion dated May 24, 1999, we remanded this matter for a more detailed explanation of why the district court found, in denying a motion to suppress, that defendant-appellant Keith Forbes consented to the car search which ultimately led to his pleading guilty to charges of possession with intent to distribute cocaine and marijuana. *See* 18 U.S.C. § 841(a)(1) and (b)(1). In doing so, we expressed two primary concerns with the court's consent finding: (1) that the finding was grounded entirely on the testimony of a witness— Trooper Pendergast—the court seemed to find incredible, and even untruthful, in several other important respects; and (2) that certain circumstantial evidence tended to undermine the finding. *See United States v. Forbes,* 181 F.3d 1, 7–8 (1st Cir.1999).

On remand, the district court reaffirmed its prior consent finding. The court clarified that it had not, in fact, intended to depict Trooper Pendergast as deliberately untruthful in its earlier ruling; it only meant to suggest that his testimony might not have been accurate in all aspects. Most crucially, the court emphatically stated that it found Trooper Pendergast to be testifying truthfully and accurately when he recounted that Forbes consented to the search yielding the drugs, and that Forbes

28

was not testifying truthfully and accurately when he denied having consented to the search. Forbes once again appeals.

This remains a troubling case. As the district court acknowledged in initially denying the suppression motion, the cold record is somewhat at odds with Trooper Pendergast's testimony with respect to consent. *See id.* at 4 (quoting the district court as stating "if I was just looking at a cold record here, I wouldn't believe the Government's version" and that Trooper Pendergast's testimony is "difficult ... to believe on paper"). Moreover, in confirming its earlier ruling following our remand, the court disquietingly suggested that Trooper Pendergast had no reason to fabricate the testimony about Forbes having admitted to smoking marijuana and about seeing marijuana seeds in the ashtray, *see id.* at 3,[1] and that Trooper Pendergast would have made up a far better story if he indeed had been lying.

Nevertheless, the court now has made it crystal clear that it did not mean to imply that it found Trooper Pendergast to be an untruthful witness, that it basically regarded Trooper Pendergast as credible, and that it was utterly convinced by Trooper Pendergast's testimony with respect to consent. Such a credibility finding on a question of historical fact is entitled to "special deference," *United States v. Bouthot,* 878 F.2d 1506, 1514 n. 8 (1st Cir.1989), and we are unable to say that this is the extraordinarily rare case where the circumstantial evidence so flatly contradicts the credited testimony, or where

the credited testimony is so internally inconsistent or implausible on its face, that the finding cannot stand, *see Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Rather, mindful of the limits on our competence to second guess the credibility determination of a lower court judge on an issue such as this, we leave the judgment of conviction undisturbed.

*Affirmed.*

1. Of course, this evidence provides a far more convincing explanation why Trooper Pendergast asked for and received consent to a full search of a vehicle that had been stopped for speeding. Without this evidence, the district court would have had to accept that Trooper Pendergast mistook the smell of cigar smoke for that of marijuana; that this mistaken perception prompted Trooper Pendergast to ask for consent to a full search of the car; that Forbes, who had only been smoking a cigar, readily consented to such a search, knowing that he had two duffel bags full of drugs in the trunk of his car; and that Trooper Pendergast failed to memorialize Forbes's consent on a written consent form readily available in the trooper's cruiser. *See id.* at 3.